UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

RICHARD MILLS,

                      Petitioner,

-vs-

SUPERINTENDENT T. POOLE,

                      Respondent.
_____

**REPORT AND RECOMMENDATION**
No. 06-CV-0842(RJA)(VEB)

Richard Mills ("Mills" or "petitioner") has filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging his conviction following a jury trial on charges of attempted first degree murder, attempted first degree assault, first degree reckless endangerment, third degree criminal possession of a weapon, and third degree criminal possession of marijuana. Mills, who is currently incarcerated pursuant to an aggregate concurrent sentence of twenty years to life, alleges numerous grounds for relief in his petition. *See* Docket No. 1. In his answer, respondent has asserted that many of Mills' claims are procedurally defaulted, not cognizable on federal habeas review, without any factual basis in the record, and/or meritless.

The matter has been referred to the undersigned for the hearing and disposition of all non-dispositive motions and for the issuance of reports and recommendations with regard to all dispositive motions. Presently before the Court is petitioner's motion (Docket No. 43) pursuant to Rule 23 of the Federal Rules of Appellate Procedure for release on bail pending the disposition of his habeas petition.

"'A district court has inherent power to enter an order affecting the custody of a habeas petitioner who is properly before it contesting the legality of his custody.'" *Mapp v. Reno*, 241 F.3d 221, 226 (2d Cir. 2001) (quoting *Ostrer v. United States*, 584 F.2d 594, 596 n. 1 (2d Cir. 1978) and citing *Argro v. United States*, 505 F.2d 1374, 1377-78 (2d Cir. 1974)). However, due to the limited liberty interest at stake for a habeas petitioner, as opposed to that of a defendant prior to trial or even on direct appeal, the standard for determining the availability of bail pending habeas litigation is a "difficult one to meet: The petitioner must demonstrate that 'the habeas petition raise[s] substantial claims and that extraordinary circumstances exist[ ] that make the grant of bail necessary to make the habeas remedy effective.'" *Grune v. Coughlin*, 913 F.2d 41, 44 (2d Cir. 1990) (quoting *Iuteri v. Nardoza*, 662 F.2d 159, 161 (2d Cir. 1981)); *see also Ostrer v. United States*, 584 F.2d at 596 n. 1 (internal citations omitted); *Mapp*, 241 F.3d at 226 ("Even as we have acknowledged the authority of the federal courts to grant bail to habeas petitioners, however, we have also, and consistently, emphasized that this power is a limited one, to be exercised in special cases only.").

Mills contends that his "allegations . . . make out a 'clear case' on the merits" because "[t]he peoples [sic] case is not strong given the petitioner was in psychosis on the day in question"; the petitioner has already served six and one-half years, and he has "automatic ineffective assistance counsel [sic]." In addition, Mills asserts that he has extensively participated in mental health counseling programs at the prison, and that he is not a flight risk due to his family ties in the area, and that if he were released, he would have employment on his father's farm.

However, the foregoing are not "extraordinary" or "exceptional" circumstances peculiar

to Mills' case that require an order of bail so as to make the writ of habeas corpus effective if ultimately granted. Moreover, Mills' submissions to the Court thus far have demonstrated neither a "likelihood" nor a "high probability" of success on the merits of his habeas petition. *See Richard v. Abrams*, 732 F. Supp. 24, 25 (S.D.N.Y. 1990) ("recogniz[ing] that petitioner may well be able to overcome" state court's denial of his *Brady* claim but denying application for bail because petitioner's was "not an exceptional case" in which the court could determine that there was a "demonstrated likelihood" or a "high probability" of success). "In the absence of exceptional circumstances–whatever that may include–the court will not grant bail prior to the ultimate final decision unless petitioner presents not merely a clear case on the law, . . . , but a clear, and readily evident, case on the facts." *Glynn v. Donnelly*, 470 F.2d 95, 989 (2d Cir. 1972) (cited in *Ketchum v. Ward*, 391 F. Supp. 332, 335 (W.D.N.Y. 1975)); *accord Chandler v. Girdich*, No. 04-CV-432F, 2005 WL 2453095, at *2 (W.D.N.Y. Sept. 30, 2005).

For the reasons set forth above, the Court recommends that petitioner's motion for bail (Docket No. 43) be **DENIED** with prejudice. Furthermore, the Court finds that petitioner has not made a "substantial showing of the denial of a constitutional right" pursuant to 28 U.S.C. § 2253(c)(2). Therefore, the Court recommends that no Certificate of Appealability should issue.

/s/ *Victor E. Bianchini*
_____
VICTOR E. BIANCHINI
United States Magistrate Judge

Dated: October 26, 2007
       Buffalo, New York.

Pursuant to 28 U.S.C. § 636(b)(1), it is hereby

**ORDERED**, that this Report and Recommendation be filed with the Clerk of the Court.

**ANY OBJECTIONS** to this Report and Recommendation must be filed with the Clerk of this Court within ten (10) days after receipt of a copy of this Report and Recommendation in accordance with the above statute, Fed. R. Civ. P. 72(b) and Local Rule 72.3(a)(3).

The District Court ordinarily will refuse to consider on *de novo* review arguments, case law and evidentiary material which could have been, but was not, presented to the Magistrate Judge in the first instance. *See, e.g., Patterson-Leitch Co., Inc. v. Massachusetts Municipal Wholesale Electric Co.*, 840 F.2d 985, 990-91 (1st Cir. 1988).

**Failure to file objections within the specified time or to request an extension of such time waives the right to appeal the District Court's Order.** *Thomas v. Arn*, 474 U.S. 140 (1985); *Wesolek v. Canadair Ltd.*, 838 F.2d 55 (2d Cir. 1988); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72, 6(a), 6(e).

The parties are reminded that, pursuant to Rule 72.3(a)(3) of the Local Rules for the Western District of New York, "written objections shall specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for such objection and shall be supported by legal authority." **Failure to comply with the provisions of Rule 72.3(a)(3), or with the similar provisions of Rule 72.3(a)(2) (concerning objections to a Magistrate Judge's Decision and Order), may result in the District Court's refusal to consider the objection.**

Let the Clerk send a copy of this Order and a copy of the Report and Recommendation to petitioner and respondent.

**IT IS SO ORDERED.**

/s/ *Victor E. Bianchini*
_____
　　　VICTOR E. BIANCHINI
　　United States Magistrate Judge

Dated:　Buffalo, New York
　　　　October 26, 2007.