UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

RICHARD MILLS,

                Petitioner,

-vs-

SUPERINTENDENT T. POOLE,

                Respondent.

_____

**REPORT AND RECOMMENDATION**
**No. 06-CV-0842(RJA)(VEB)**

Richard Mills ("Mills" or "petitioner") has filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 alleging that he is being held in state custody in violation of his federal constitutional rights. Mills' state custody arises from a judgment of conviction entered on December 16, 2004, following a jury trial in New York State County Court (Genesee County), convicting him of attempted first degree murder, attempted first degree assault, first degree reckless endangerment in the First Degree, third degree criminal possession of a weapon, and third degree criminal possession of marijuana. Petitioner is currently incarcerated pursuant to an aggregate concurrent sentence of twenty years to life.

Mills' habeas petition alleges numerous grounds for relief, including the following: (1) insufficient evidence; (2) defective indictment; (3) inconsistent verdicts; (4) improper joinder; (5) evidence was erroneously admitted; (6) conspiracy; (7) excessive force; (8) Fourth Amendment violations; (9) pre-trial counsel was ineffective; (10) trial counsel was ineffective in failing to, *inter alia*, call certain witnesses, retain an expert witness, request a missing witness charge, failing to register objections and properly cross-examine witnesses; (11) trial counsel engaged in

-1-

coercive tactics and was part of a conspiracy against petitioner; (12) appellate counsel was ineffective in, *inter alia*, failing to correspond with petitioner, file a timely appellate brief, address certain constitutional issues in his brief, provide a copy of the appellate brief and record on appeal until days before the *pro se* supplemental brief was due, and operated under a conflict of interest. Respondent has answered the petition, and has asserted that many of Mills' claims are procedurally defaulted, not cognizable on federal habeas review, without any factual basis in the record, and/or meritless. The matter has been referred to the undersigned for the hearing and disposition of all non-dispositive motions and for the issuance of reports and recommendations with regard to all dispositive motions.

Presently before the Court are petitioner's two motions (Docket Nos. 42 & 49) for "summary judgment and/or declaratory judgment," Docket No. 42, pursuant to Rules 56 and 57, respectively, of the Federal Rules of Civil Procedure. For the reasons that follow, the Court recommends dismissing with prejudice both of petitioner's motions for summary judgment because Mills has failed to demonstrate that he is entitled to such relief in this case.

**Declaratory Judgment pursuant to Fed. R. Civ. P. 57**

Mills contends that he is entitled to declaratory judgment pursuant to FED. R. CIV. P. 57. The relief petitioner seeks–the vacatur of his conviction and his immediate release from custody–falls "squarely within [the] traditional scope of habeas corpus." *Preiser v. Rodriguez*, 411 U.S. 475, 487 (1973). Where, as here, an alternative remedy was expressly created by statute to provide the relief sought, a declaratory judgment should not be granted. *Venetucci v. Department of State*, No. 05-CV-2174 (ARR), 2005 WL 1521190, at *4 (E.D.N.Y. June 21, 2005) (citing *Perez v. Ledesma*, 401 U.S. 82, 123 (1971) (Brennan, J., concurring and dissenting

on other grounds); *Katzenbach v. McClung*, 379 U.S. 294, 296 (1964) (declaratory relief "should not be granted where a special statutory proceeding has been provided")). As Mills is aware, the habeas provisions in 28 U.S.C. § 2254 set forth the special statutory proceeding which enable a person in state custody to launch a collateral attack on his conviction, sentence and incarceration. Where the writ of habeas corpus is available, it is well-settled federal law that "declaratory relief will not be used to attack a criminal conviction . . . ." *Id.* (citing WRIGHT & MILLER, FEDERAL PRACTICE AND PROCEDURE, § 2758 (1998)). The rule precluding declaratory relief in habeas cases is "necessary to prevent prisoners from circumventing the elaborate procedural requirements that apply to habeas cases." *Id.* (citing *Wilkinson v. Dotson*, 544 U.S. 74, 78 (2005) (reaffirming that a state prisoner may not use an action pursuant to 42 U.S.C. § 1983 to challenge "the fact or duration of his confinement" and may only seek redress by means of a writ of habeas corpus) (citing *Preiser*, 411 U.S. at 489)).

Thus, declaratory relief is not available to prisoners, such as Mills, who have an available alternative remedy expressly provided by the federal habeas statute. Here, Mills actually has taken advantage of that alternative remedy by filing the instant habeas petition. Clearly, then, declaratory relief is not available in the context of a pending habeas proceeding such as the one being prosecuted by Mills in this Court. For the foregoing reasons, the Court recommends dismissing Mills' motion for declaratory judgment.

**Summary Judgment pursuant to Fed. R. Civ. P. 56**

Dismissal of Mills' motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure is warranted for several reasons. First, Mills has failed to comply with Western District Local Rule 56.1, which requires that "[u]pon any motion for summary judgment,

pursuant to Rule 56 of the Federal Rules of Civil Procedure, there shall be annexed to the notice of motion a separate, short, and concise statement of the material facts as to which the moving party contends there is no genuine issue to be tried." Local Rule 56.1. Rule 56.1 of the Local Rules further provides that "[f]ailure to submit such a statement may constitute grounds for denial of the motion." *Id.* Here, neither of Mills' summary judgment motions contain the requisite statement of facts. Both motions are nothing more than a rehashing of the allegations and arguments presented in his habeas petition (Docket No. 1). Therefore, the Court recommends dismissing both of petitioner's summary judgment motions (Docket Nos. 42 & 49) based on his failure to conform with the requirements of Local Rule 56.1. *See Delinois v. Wiley*, No. 98CV0084NAMGLS, 2000 WL 33767754, at *1 (N.D.N.Y. Feb. 2, 2000))(recommending dismissal of habeas petitioner's application styled as a "summary judgment motion" on the grounds that he failed to comply with Northern District Local Rule 7.1)

In addition, Mills' motions for summary judgment in this habeas proceeding are arguably inappropriate under the Rules Governing § 2254 Habeas Cases[1] which apply to all habeas petitions filed in this district, see Local Rule 5.3. *See Mitchell v. Goord*, No. Civ.9:03CV00019(GLS), 2005 WL 701096, at *2 (N.D.N.Y. Mar. 21, 2005) (citing a prior order dismissing an earlier summary judgment motion filed by a habeas petitioner in which it held that

---

[1] The rules governing habeas corpus actions contemplate only a petition and answer, together with supporting documentation from the respondent. 28 U.S.C. fol. Sect. 2254, Rules 2, 5 of the Rules Governing Section 2254 Cases in the United States District Courts. Unless a judge so orders, a respondent is not required to answer the petition. *See* Rule 2(c)(2) of Section 2254 Rules. Rule 5(e) provides that "[t]he petitioner may submit a reply to the respondent's answer or other pleading within a time fixed by the judge." Thus, the Section 2254 Rules suggest that, ordinarily, there will be no need for a Reply, which historically has been referred to as a Traverse, but that one may be authorized by the court. *Martinez v. Kansas*, Civ. No. 05-3415-MLB, 2006 WL 3350653, at *2 (D. Kan. Nov. 16, 2006) (citing Rule 5(e) of the Section 2254 Rules & Advisory Committee's Note to Rule 5 of the Section 2254 Rules ("Rule 5 (and the general procedure set up by this entire set of rules) does not contemplate a traverse to the answer, except under special circumstances. See advisory committee note to rule 9.")).

"[s]ince the Rules governing habeas petitions provide only for the submission of a petition and answer, see Rules Following 28 U.S.C. § 2254, the [magistrate judge's] rejection of petitioner's summary judgment motion was clearly not an abuse of discretion").

Finally, and most important, even assuming that petitioner's motions for summary judgment were properly filed, Mills has failed to meet the rigorous standard for demonstrating entitlement to the relief he seeks. Summary judgment is appropriate only if there is no genuine factual dispute and if the moving party is entitled to a judgment as a matter of law. FED. R. CIV. P. 56(c). The court need not resolve disputed issues of fact but rather only must determine if there is a genuine issue of material fact to be tried after viewing all evidence in the light most favorable to the non-moving party, and drawing all inferences in the non-moving party's favor . *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249, 254-55 (1986). The party seeking summary judgment bears the burden of showing that *no* genuine factual dispute exists. *See Cronin v. Aetna Life Ins. Co.*, 46 F.3d 196, 202 (2d Cir. 1995).

As noted above, Mills' motions for summary judgment merely consist of a restatement of the factual allegations and arguments presented in his habeas petition. In his first motion (Docket No. 42), after rearguing his habeas claims and reciting the summary judgment standard, Mills asserts that the "facts and law of this case, People vs. Mills - Mills vs. Superintendnet [sic] T. Poole, give an automatic lawfull [sic] standing to the issues raised. Thus to issue summary judgment would possibility [sic] end this litigation on the merits, free up the court on unneeded trial [sic] and obtain a just result on the lawfull [sic] facts of this case." Petitioner's Memorandum of Law at 5 (Docket No. 42). In his second motion, after more reargument on several other of his habeas claims, Mills contends summary judgment is appropriate because

there was "no scientific evidence" supporting his conviction and therefore "by New York State Law the charges must be dismissed." Petitioner's Affidavit, ¶36 (Docket No. 49).

Mills has failed to meet his burden, as the moving party, of alleging sufficient legal grounds and showing *uncontested* facts upon which summary judgment may be granted. Petitioner's subjective beliefs as to the merits of his claims and his conclusory assertions regarding the absence of a genuine issue of material fact are not sufficient to demonstrate entitlement to summary judgment in his favor.² *See Sulaiman v. United States*, No. 00CV6867 (SJ), 2002 WL 519718, at *2 (E.D.N.Y. Apr. 2, 2002) ("Petitioner does not assert sufficient legal grounds for granting summary judgment, either for default judgment against the government, or on the merits of his habeas petition. Nor has he alleged uncontested facts regarding the government's failure to respond to this Court's orders or demonstrated a constitutional violation upon which his habeas corpus petition might be granted.") (footnote omitted). The Court accordingly recommends denial of petitioner's motions for summary judgment because he has failed toshow that there is no genuine issue as to any material fact and that [he] is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c).

For the reasons set forth above, the Court recommends that petitioner's motions for default judgment and summary judgment (Docket Nos. 42, 49) be **DENIED** with prejudice. Furthermore, the Court finds that petitioner has not made a "substantial showing of the denial of a constitutional right" pursuant to 28 U.S.C. § 2253(c)(2). Therefore, the Court recommends that

---

² "It is well settled that on federal collateral review, the *petitioner* bears the burden of proving that his constitutional rights were violated." *Whitaker v. Meachum*, 123 F.3d 714, 716 (2d Cir. 1997) (citing *Walker v. Johnston*, 312 U.S. 275, 286 (1941)) (emphasis supplied); *see also Polizzi v.United States*, 926 F.2d 1311, 1321 (2d Cir. 1991) (stating that "petitioner generally bears the burden of proof throughout the habeas proceeding") (internal quotation marks omitted); *Wolfrath v. LaVallee*, 576 F.2d 965, 971 (2d Cir. 1978) ("The burden of proving a constitutional claim on federal habeas corpus review lies with the petitioner.").

no Certificate of Appealability should issue.

/s/ *Victor E. Bianchini*
_____
VICTOR E. BIANCHINI
United States Magistrate Judge

Dated: October 26, 2007
       Buffalo, New York.

Pursuant to 28 U.S.C. § 636(b)(1), it is hereby

**ORDERED**, that this Report and Recommendation be filed with the Clerk of the Court.

**ANY OBJECTIONS** to this Report and Recommendation must be filed with the Clerk of this Court within ten (10) days after receipt of a copy of this Report and Recommendation in accordance with the above statute, FED. R. CIV. P. 72(b) and Local Rule 72.3(a)(3).

The District Court ordinarily will refuse to consider on *de novo* review arguments, case law and evidentiary material which could have been, but was not, presented to the Magistrate Judge in the first instance. *See*, *e.g.*, *Patterson-Leitch Co., Inc. v. Massachusetts Municipal Wholesale Electric Co.*, 840 F.2d 985, 990-91 (1st Cir. 1988).

**Failure to file objections within the specified time or to request an extension of such time waives the right to appeal the District Court's Order.** *Thomas v. Arn*, 474 U.S. 140 (1985); *Wesolek v. Canadair Ltd.*, 838 F.2d 55 (2d Cir. 1988); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72, 6(a), 6(e).

The parties are reminded that, pursuant to Rule 72.3(a)(3) of the Local Rules for the Western District of New York, "written objections shall specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for such objection and shall be supported by legal authority." **Failure to comply with the provisions of Rule 72.3(a)(3), or with the similar provisions of Rule 72.3(a)(2) (concerning objections to a Magistrate Judge's Decision and Order), may result in the District Court's refusal to consider the objection.**

Let the Clerk send a copy of this Order and a copy of the Report and Recommendation to petitioner and respondent.

**IT IS SO ORDERED.**

                                                                      /s/ *Victor E. Bianchini*
                                                                       VICTOR E. BIANCHINI
                                                                 United States Magistrate Judge

Dated:  Buffalo, New York
         October 26, 2007.