UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

RICHARD MILLS,

                    Petitioner,

    -vs-

SUPERINTENDENT T. POOLE,

                    Respondent.

**DECISION AND ORDER**
No. 06-CV-0842(RJA)(VEB)

_____

      Richard Mills ("Mills" or "petitioner") has filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging his conviction following a jury trial on charges of attempted first degree murder, attempted first degree assault, first degree reckless endangerment, third degree criminal possession of a weapon, and third degree criminal possession of marijuana. Mills, who is currently incarcerated pursuant to an aggregate concurrent sentence of twenty years to life, alleges numerous grounds for relief in his petition. *See* Docket No. 1. In his answer, respondent has asserted that many of Mills' claims are procedurally defaulted, not cognizable on federal habeas review, without any factual basis in the record, and/or meritless.

      This matter has been referred to the undersigned for the hearing and disposition of all non-dispositive motions and for the issuance of reports and recommendations with regard to all dispositive motions. Presently before the Court is petitioner's motion (Docket No. 47) pursuant to Rules 11 and 16(f) of the Federal Rules of Civil Procedure and Local Rules 11(b), 83.3, and 83.4 "for sanctions to be imposed against the respondents . . . ." *See* Notice of Motion, ¶1

(Docket No. 47). Mills contends that respondent's assertion of the defense of procedural default with regard to his claim of insufficient evidence is "misplaced and completely friviolous [sic], without merit, malicious and a waste of judicial time, presented in bad faith to the Court." Mills asserts that respondent's procedural default argument was "fraudulently presented to the Court in violation of F. R.C.P. 11(B) (1-4)[1] and sanctions should be imposed." Petitioner's Affidavit, ¶¶5-6 (Docket No. 47). Mills also alleges that respondent has filed incomplete state court records with the Court and failed to provide him with copies of his trial transcript. *Id.*, ¶¶19 *et seq.*

Mills' motion for sanctions is baseless. There is simply no indication that respondent's argument regarding the procedural default of Mills' insufficiency-of-the-evidence claim is frivolous; in fact, it appears to be well-founded in the law. *See People v. Mills*, 28 A.D.3d 1156, 1157 (App. Div. 4th Dept. 2006) (citations omitted); *Montana v. Conway*, No. 03-CV-6643(CJS)(VEB), 2007 WL 3046673, at *1 (W.D.N.Y. Oct. 17, 2007) (adopting Report

---

[1] Rule 11(b) of the Federal Rules of Civil Procedure provides as follows:
By presenting to the court (whether by signing, filing, submitting, or later advocating) a pleading, written motion, or other paper, an attorney or unrepresented party is certifying that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances,--

(1) it is not being presented for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation;

(2) the claims, defenses, and other legal contentions therein are warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law;

(3) the allegations and other factual contentions have evidentiary support or, if specifically so identified, are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery; and

(4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on a lack of information or belief.

FED. R. CIV. P. 11(b)(1) - (4).

and Recommendation).  Furthermore, it does not appear that the documents which Mills claims respondent has not filed are relevant to disposing of his habeas petition. And, Mills is not entitled to have respondent provide him with a copy of his trial transcripts free of cost.

Therefore, Court **DENIES** with prejudice petitioner's motion for sanctions because it is without any factual or legal basis. When the Court reviews the merits of the petition, the Court will also review the state court record. To the extent that the state court record submitted is found to be incomplete, the Court will direct respondent at that time to supplement the record with the appropriate documents.

Mills' motion for sanctions (Docket No. 47) contains additional requests for an "ORDER of summary judgment and/or declaratory judgment pursuant to Federal Rules of Civil Procedure 56 and 57 granting or declaring that there is no state adequate or independent procedural bar for the insufficient evidence grounds[;]" that "the respondent and Appellate Division Fourth Department lied, and misplaced the case of People vs. Hines and People v. Williams, in further declaring such cases have no application to the Case at Bar of People vs. Mills[;]" and "that the respondents and the Appellate Division Fourth Department misplaced the two above cases intentionally in an [sic] joint effort, meeting of the minds, and conspiring to deprive the pro-se petitioner herein of meaningfull [sic] access to the United States District Court." *Id.* (Docket No. 47). Mills already has two other pending motions for summary judgment and declaratory judgment before this Court. This Court has issued a Report and Recommendation recommending that they be dismissed because they are totally without merit. To the extent that this motion (Docket No. 47) is duplicative of the other two motions for summary judgment and declaratory judgment (Docket Nos. 42 & 49), the Court orders that it be stricken. Moreover, Mills'

allegations are not a proper basis for summary judgment under FED. R. CIV. P. 56, and declaratory judgment under FED. R. CIV. P. 57 is not available in habeas cases.

For the reasons set forth above, the Court **DENIES** petitioner's motion for sanctions and other relief (Docket No. 47) with prejudice. Furthermore, the Court finds that petitioner has not made a "substantial showing of the denial of a constitutional right" pursuant to 28 U.S.C. § 2253(c)(2). Therefore, no Certificate of Appealability shall issue.

Finally, Mills is advised that if he persists in filing repetitive, meritless and frivolous motions, he faces the imposition of sanctions pursuant to FED. R. CIV. P. 11(c)(1)(B).

**IT IS SO ORDERED.**

/s/ *Victor E. Bianchini*
_____
VICTOR E. BIANCHINI
United States Magistrate Judge

Dated: October 31, 2007
       Buffalo, New York.