UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

RICHARD MILLS,                              **DECISION AND ORDER**
                                            **No. 1:06-cv-00842-MAT**
                    Petitioner,

        -vs-

Superintendent T. POOLE,

                    Respondent.

## BACKGROUND

On December 11, 2006, Richard Mills ("Petitioner") filed a pro se Petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner challenged the constitutionality of his detention in Respondent's custody, following a judgment entered on December 16, 2004, after a jury verdict in New York State, Genesee County Court, convicting him of Attempted Murder in the First Degree (New York Penal Law ("P.L.") §§ 110.00/125.27(1)(a)(i)), Attempted Assault in the First Degree (P.L. §§ 110.00/120.10(1)), Reckless Endangerment in the First Degree (P.L. § 120.25), two counts of Criminal Possession of a Weapon in the Third Degree (P.L. § 265.02(1)), and Criminal Possession of Marijuana in the Third Degree (P.L. § 221.20).

The Petition was referred to Magistrate Judge Victor E. Bianchini, who issued a Report and Recommendation (Dkt #83) on May 14, 2008, recommending that the Petition be denied, and that no certificate of appealability issue. By Decision and Order dated

-1-

June 30, 2008 (Dkt #93), District Judge Richard J. Arcara adopted the Report and Recommendation in its entirety. Judgment (Dkt #95) in Respondent's favor was entered on July 1, 2008. Between that time and October of 2013, Petitioner filed multiple post-judgment requests of this Court which were denied. He appealed these denials repeatedly, and unsuccessfully, to the Second Circuit.

In pro se papers dated October 15, 2013, and October 26, 2013, Petitioner moved to vacate the June 30, 2008 Judgment pursuant to Rule 60(b) of the Federal Rules of Civil Procedure ("Rule 60(b)"). This Court denied the motion in a Decision and Order (Dkt #117) filed on September 29, 2014, and the Second Circuit declined to issue a certificate of appealability on December 22, 2014 (Dkt #122).

In pro se papers dated July 20, 2016, Petitioner moved to vacate (Dkt #125) the June 30, 2008 Decision and Order dismissing his Petition pursuant to Federal Rule of Civil Procedure 60(b) ("Rule 60(b)"). Petitioner also moved for sanctions (Dkt #126) under Federal Rule of Civil Procedure 11 ("Rule 11"). For the reasons discussed below, both motions are denied.

## MOTION TO VACATE

### I.   Legal Principles

Pursuant to Rule 60(b), "[o]n motion and just terms, a court may relieve a party or its legal representative from a final judgment, order, or proceeding" for any of the following reasons:

(1) mistake, inadvertence, surprise, or excusable neglect;

(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

(4) the judgment is void;

(5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

(6) any other reason that justifies relief.

FED. R. CIV. P. 60(b). Petitioner specifies subsections (1) through (6) of Rule 60(b) as the grounds for his motion.

## II. Analysis

The gravamen of Petitioner's Motion to Vacate is that Judge Noonan, who presided over his criminal trial in 2004, committed fraud when he allegedly lied in a Decision and Order dated June 2, 2005, in connection with Petitioner's criminal proceeding. According to Petitioner, the lie concerned the degree of kinship between Judge Noonan and Assistant District Attorneys Robert and William Zickl ("the Zickl Brothers"), neither of whom was responsible for prosecuting Petitioner's criminal case. In the Decision and Order at issue, Judge Noonan stated that the Zickl Brothers were his first cousins, once removed. As proof of Judge Noonan's alleged lie, Petitioner has submitted a newspaper article

June 28, 2016, stating that Judge Noonan's father was the father-in-law of the Zickl Brothers' father. Thus, based on the article, Petitioner asserts, the Zickl Brothers are actually Judge Noonan's nephews, and not his first cousins, once removed. According to Petitioner, this establishes an ethical violation by Judge Noonan, whom he claims should have recused himself based on his familial relationship with the Zickl Brothers.

Petitioner cannot avail himself of subsections (1), (2), or (3) of Rule 60(b) because his Motion to Vacate was not made within one year after the Judgment. See FED. R. CIV. P. 60(c)(1) ("A motion under Rule 60(b) must be made within a reasonable time--and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding.").

Rule 60(b)(4) which, applies when the judgment is void, cannot be invoked here. A judgment is void "only if the court that rendered it lacked jurisdiction of the subject matter, or of the parties, or if it acted in a manner inconsistent with due process of law." Grace v. Bank Leumi Trust Co., 443 F.3d 180, 194 (2d Cir. 2006). The newspaper article discussing the familial relationship between Judge Noonan and the Zickl Brothers does not have the effect of voiding this Court's Judgment.

Petitioner cannot rely on Rule 60(b)(5), which allows vacatur if the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or

applying it prospectively is no longer equitable). The Court's Judgment dismissing the Amended Petition is not subject to being satisfied, released or discharged. Likewise, it was not based on an earlier judgment that has been reversed or vacated. Finally, it did not leave open future adjudication of any issues regarding the rights of the parties. See Tapper v. Hearn, No. 15-2249-CV, ___ F.3d ___, 2016 WL 4204794, at *4 (2d Cir. Aug. 10, 2016) ("The fact that the district court's prior dismissal was not executory and did not leave open future adjudication of any issues regarding the rights of the parties now at issue here and before the district court is fatal to Petitioners' claim under [Rule 60(b)(5)].").

Rule 60(b)(6) provides that a court may relieve a party from a final judgment for "any other reason that justifies relief." FED. R. CIV. P. 60(b)(6). Significantly, "Rule 60(b)(6) applies only 'when the asserted grounds for relief are not recognized in clauses (1)-(5) of the Rule' and 'there are *extraordinary circumstances* justifying relief.'" Tapper, 2016 WL 4204794, at *4 (quoting Nemaizer v. Baker, 793 F.2d 58, 63 (2d Cir. 1986); emphasis supplied). Even assuming that Petitioner is correct about the actual relationship between Judge Noonan and the Zickl Brothers, and assuming further that their relationship was relevant to the Judgment in this action, any resulting conflict of interest falls far short of the "extraordinary circumstances" necessary to invoke Rule 60(b)(6). See Moskowitz v. Coscette, 51 F. App'x 37 (2d Cir.

2002) (any tension that may have existed within attorney's dual representation of police chief and town in police officer's action alleging retaliation in violation of First Amendment did not rise to level of "extraordinary circumstance" warranting relief from final judgment in favor of officer, even if attorney failed to highlight evidence that police commission had instructed chief to build a case against officer, where attorney did not take position, advance argument, or adopt strategy that benefitted town at officer's expense).

In short, Petitioner has not demonstrated, nor can he, that "extraordinary circumstances" exist so as to justify reopening the Judgment dismissing Petitioner's Amended Petition. Indeed, "extraordinary circumstances" are plainly absent in this case, where Petitioner has been permitted to argue these meritless kinship claims repeatedly, in both State and Federal court.

<strong>MOTION FOR SANCTIONS</strong>

## I.   Legal Principles

Rule 11 requires that "[e]very pleading, written motion, and other paper must be signed by at least one attorney of record in the attorney's name--or by a party personally if the party is unrepresented[.]" FED. R. CIV. P. 11(a). By affixing his signature to a pleading, the pro se litigant or the attorney certifies that to the best of his knowledge, information, and belief, formed after an inquiry reasonable under the circumstances, that the pleading

(1) is not being presented for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation;
(2) the claims, defenses, and other legal contentions therein are warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law;
(3) the allegations and other factual contentions have evidentiary support or, if specifically so identified, are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery; and
(4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on a lack of information or belief.

FED. R. CIV. P. 11(b); see also Business Guides, Inc. v. Chromatic Communications Enterprises, Inc., 498 U.S. 533, 542 (1991) ("The signature 'certifies to the court that the signer has read the document, has conducted a reasonable inquiry into the facts and the law and is satisfied that the document is well grounded in both, and is acting without any improper motive.'").

## II. Analysis

Petitioner asserts entitlement to sanctions pursuant to Rule 11 on the basis that Judge Noonan allegedly committed "fraud, perjury, and [made] misstatements meant to mislead" the Court. The allegedly untruthful statements by Judge Noonan about the degree of kinship between himself and the Zickl Brothers, discussed above, form the basis of Petitioner's Rule 11 motion.

Judge Noonan has not filed any pleadings in this Court. Rule 11 thus has no applicability whatsoever to the instant proceeding.

Petitioner is cautioned that "the filing of a motion for sanctions is itself subject to the requirements of [Rule 11] and

can lead to sanctions." FED. R. CIV. P. 11 advisory committee's note (1993 Amendments) (quoted in Safe-Strap Co. v. Koala Corp., 270 F. Supp. 2d 407, 421 (S.D.N.Y. 2003)). Petitioner's present motions, which are also asserted verbatim in nine other cases he has filed in this Court, are precisely the type of "abusive litigation tactics," Gaines v. Gaston, No. 92 CIV. 0643(DNE), 1998 WL 574380, at *3 (S.D.N.Y. Sept. 8, 1998), that Rule 11 was intended to deter.

**CONCLUSION**

For the reasons discussed above, Petitioner's Motion to Vacate the Judgment and Motion for Sanctions are **denied with prejudice**. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore in forma pauperis status is denied for purpose of an appeal. See Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

**SO ORDERED.**

**s/ Michael A. Telesca**

HON. MICHAEL A. TELESCA
United States District Judge

Dated:    October 11, 2016
          Rochester, New York.