```
UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
```

| | |
|---|---|
| RICHARD MILLS,<br><br>            Petitioner,<br><br>    -vs-<br><br>JOHN B. LEMPKE,<br><br>            Respondent. | **DECISION AND ORDER**<br>**No. 1:11-cv-00440-MAT** |
| RICHARD MILLS,<br><br>            Petitioner,<br><br>    -vs-<br><br>Superintendent T. POOLE,<br><br>            Respondent. | **No. 1:06-cv-00842-MAT** |

## INTRODUCTION

Presently before the Court is pro se petitioner Richard Mills' third motion to vacate the Court's judgment entered on February 5, 2013, in No. 1:11-cv-00440-MAT and the Court's judgment entered on July 1, 2008, in No. 1:06-cv-00842-MAT. Respondents, through their attorneys, the Office of the New York State Attorney General, have opposed the motions. Petitioner has filed replies in both cases. The Court assumes the parties' familiarity with the factual background of Petitioner's criminal proceedings in state court, and his habeas and other civil proceedings in this Court. For the reasons discussed below, vacatur of the judgments in the above-captioned cases is denied.

**MOTION TO VACATE**

**I.   Legal Principles**

Pursuant to Rule 60(b), "[o]n motion and just terms, a court may relieve a party or its legal representative from a final judgment, order, or proceeding" for any of the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect;
>
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
>
> (4) the judgment is void;
>
> (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>
> (6) any other reason that justifies relief.

FED. R. CIV. P. 60(b).

**DISCUSSION**

Petitioner cannot avail himself of subsections (1), (2), or (3) of Rule 60(b) because the motions to vacate were not made within one year after entry of the pertinent judgments. See FED. R. CIV. P. 60(c)(1) ("A motion under Rule 60(b) must be made within a reasonable time--and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding.").

Petitioner asserts that the "fact Robert Edward Noonan Jr., got caught using a fake name might now call into Rule 60(b[)], 4 & 5), and Due Process." Petitioner is mistaken. Rule 60(b)(4) applies when the judgment is void. A judgment is void "only if the court that rendered it lacked jurisdiction of the subject matter, or of the parties, or if it acted in a manner inconsistent with due process of law." Grace v. Bank Leumi Trust Co., 443 F.3d 180, 194 (2d Cir. 2006). Even assuming the truth of Petitioner's accusation, it does not provide a basis for concluding that the Court's judgment is void. Moreover, Petitioner has not pointed to any legal authority in support of his argument. Rule 60(b)(5) is also inapplicable here, as this Court previously has held. The judgments dismissing Petitioner's petitions are not subject to being satisfied, released or discharged. Likewise, neither judgment was based on an earlier judgment that has been reversed or vacated. Finally, the judgments did not leave open future adjudication of any issues regarding the rights of the parties. See Tapper v. Hearn, 833 F.3d 166, 172 (2d Cir. 2016) ("The fact that the district court's prior dismissal was not executory and did not leave open future adjudication of any issues regarding the rights of the parties now at issue here and before the district court is fatal to Petitioners' claim under [Rule 60(b)(5)].").

Rule 60(b)(6) provides that a court may relieve a party from a final judgment for "any other reason that justifies relief." FED.

R. Civ. P. 60(b)(6). Significantly, "Rule 60(b)(6) applies only 'when the asserted grounds for relief are not recognized in clauses (1)-(5) of the Rule' and 'there are *extraordinary circumstances* justifying relief.'" Tapper, 833 F.3d at 172 (quoting Nemaizer v. Baker, 793 F.2d 58, 63 (2d Cir. 1986); emphasis supplied).

Petitioner asserts that he "is entitled to relief under Marrero Pichardo v. Ashcroft, 374 F.3d 46 (2d Cir. 2004); Liljeberg v. Health Servs. Acquisition Corp., 486 U.S. 847 (1988); and Buck v. Davis, 137 S. Ct. 759 (2017). Petitioner contends that he "now has demonstrated such extraordinary circumstances which far surpass the above cases." Again, Petitioner is mistaken.

"In determining whether extraordinary circumstances are present, a court may consider a wide range of factors. These may include, in an appropriate case, "the risk of injustice to the parties" and "the risk of undermining the public's confidence in the judicial process." Buck, 137 S. Ct. at 778 (citing Liljeberg, 486 U.S. at 863–64).

In Marrero Pichardo, the Second Circuit found that if the denial of the habeas petition were not reopened, a "manifest injustice will occur because the change in law goes to the very basis of [the petitioner]'s deportation." 374 F.3d at 56. According to the Second Circuit, it was "inexplicable" that neither party noticed a "significant fact" that undermined the petitioner's deportation order, and the district court's failure to reconsider

the order of deportation once it was made aware of such an important fact, "which in large part was due to incompetent lawyering, amount[ed] to an abuse of discretion." Id. at 56. Prior to even considering the motion, the Second Circuit had to employ a narrow exception to nonexhaustion, and it found that Marrero Pichardo's case "pose[d] such dire consequences" as to warrant consideration of his claims. Id. at 54. In particular, Marrero Pichardo had resided in this country for over 26 years with his wife, daughter, and extended family. Cumulatively, these unique circumstances were "extraordinary" enough to warrant reconsideration of the district court's judgment.

Like Marrero Pichardo, Buck is another fact-bound decision that is entirely inapposite to Petitioner's case. In Buck, the Supreme Court found that the district court abused its discretion in denying a habeas petitioner's Rule 60(b)(6) motion to reopen the judgment denying federal habeas relief based on ineffective assistance of trial counsel. During the penalty phase of Buck's capital murder case, defense counsel presented expert testimony that Buck was statistically more likely to act violently in the future because he was black. Buck, 137 S. Ct. at 776-77. The Supreme Court found that this error presented extraordinary circumstances raising the possibility that Buck had been sentenced to death based on his race. Id. at 778. The Supreme Court noted that the "extraordinary nature" of Buck's was "confirmed by what

the State itself did in response to [the defense expert]'s testimony" in other cases. Id. The Texas Attorney General sua sponte conducted an audit and vacated the judgments in *five* other capital cases in which evidence, similar to that elicited by Buck's defense counsel, had been presented. See id. at 778-79. As the Supreme Court observed, "[t]hese were remarkable steps. It is not every day that a State seeks to vacate the sentences of five defendants found guilty of capital murder." Id. at 779.

In Liljeberg, a district court judge was found to have violated the statute defining the circumstances that mandate disqualification of federal judges. The judge there was a trustee of a university who had an interest in a proceeding before him, and the statute required him to disqualify himself from presiding over that case. Petitioner has not demonstrated, nor can he, any acts or omissions by Judge Noonan that required disqualification, such as was the case in Liljeberg. Morever, as this Court previously held, even assuming that Petitioner is correct about the actual relationship between Genesee County Court Judge Robert Noonan, Randolph Zickl, Robert Zickl, and William Zickl, and assuming further that their relationship was relevant to the judgments in these actions, any resulting conflict of interest falls far short of the "extraordinary circumstances" necessary to invoke Rule 60(b)(6). See Moskowitz v. Coscette, 51 F. App'x 37 (2d Cir. 2002) (any tension that may have existed within attorney's dual

representation of police chief and town in police officer's action alleging retaliation in violation of First Amendment did not rise to level of "extraordinary circumstance" warranting relief from final judgment in favor of officer, even if attorney failed to highlight evidence that police commission had instructed chief to build a case against officer, where attorney did not take position, advance argument, or adopt strategy that benefitted town at officer's expense).

## CONCLUSION

For the foregoing reasons, Petitioner's motion to vacate the judgment in 1:11-cv-00440 (Dkt #70) and motion to vacate the judgment 1:06-cv-00842 (Dkt #135) are **denied.** Petitioner has failed to make a substantial showing of the denial of a constitutional right, and the Court declines to issue certificates of appealability. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore in forma pauperis status is denied for purpose of an appeal. See Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

**SO ORDERED.**

**S/Michael A. Telesca**

HON. MICHAEL A. TELESCA
United States District Judge

Dated: May 5, 2017
Rochester, New York.